# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 N. Gould Street<br>Suite 12848<br>Sheridan, WY 82801<br><br>           Plaintiff,<br>v.<br><br>WHITE HOUSE COUNCIL ON<br>ENVIRONMENTAL QUALITY<br>730 Jackson Place, NW<br>Washington, DC 20503<br><br>           Defendant. | Case No. 24-cv-1340 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant WHITE HOUSE COUNCIL ON ENVIRONMENTAL QUALITY ("CEQ"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory and injunctive relief, seeking immediate processing of plaintiff's single request seeking certain described records over a three-and-a-half month period of time, which records are of compelling and timely public and policy interest, following the agency's failure to comply with FOIA.

2. The Agency's failure to comply with FOIA includes but is not limited to the Agency's failure to make a "determination" as defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013) ("*CREW*").

3. CEQ has therefore failed to lawfully respond to plaintiff's request.

4. Accordingly, plaintiff files this lawsuit to compel CEQ to comply with the law and produce the public records sought by plaintiff's February 2024 FOIA request.

## PARTIES

5. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

6. Defendant White House Council on Environmental Quality is a federal agency within the meaning of FOIA and is headquartered in Washington, DC.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because the defendant has failed to make a timely "determination" on the merits as that term is defined in *CREW*, 711 F.3d at 188; *see also e.g., Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020), and also failed to make a determination on plaintiff's requests for a fee waiver.

## PLAINTIFF'S FOIA REQUEST

10. On February 20, 2024, plaintiff submitted by electronic mail a request to defendant seeking copies of certain described correspondence of three named officials containing keywords relevant to certain major rules issued by the U.S. Environmental Protection Agency (USEPA), and certain outside environmentalist pressure groups lobbying for such rules.

11. The records responsive to this request are of particular and timely public interest. USEPA emails indicate an internal campaign, executed after pressure from these environmentalist lobbying groups to pretextually use a "suite of rules" toward an objective of forcing facilities to close (called "generation shifting") which the United States Supreme Court clearly prohibited in *West Virginia v. EPA*, 597 U.S. ___, 2022 WL 2347278, 2022 U.S. LEXIS 3268, 142 S. Ct. 2587 (June 30, 2022).

12. The information sought highly likely pertains to CEQ's work on these with outside activists, is plainly public information subject to release under FOIA, and of great public interest.

13. Plaintiff requested expedited processing of this request.

14. CEQ acknowledged the plaintiff's request on February 28, 2024, and assigned it tracking number FY2024-102, denying plaintiff's request for expedited treatment and promising that someone, at some later date, would rule on plaintiff's requests in the alternative for fee waiver on the bases of the public interest and plaintiff's status under FOIA as a media outlet.

15. As of this filing, Defendant has provided no other communication to plaintiff pertaining to this request.

16. As of this filing, defendant has provided no substantive response or "determination" with respect to the request or to the requests in the alternative for fee waiver, as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

17. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold,

and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

18. 5 U.S.C. § 552(a)(6)(A) prescribes that FOIA's 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

19. Neither of those scenarios are applicable to CEQ's actions in the instant matter.

20. Defendant owed plaintiff a "*CREW*" response to its request, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than March 21, 2024.

21. CEQ is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to plaintiff's requests for fee waiver, or to the request itself, in violation of its obligations under FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce the Records**

22. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. This count relates to plaintiff's ultimate entitlement to the records at issue under FOIA. It seeks both a mandatory injunction which will require defendant to produce the record, and a declaration that defendant's failure to produce the record is in violation of FOIA.

24. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official Government activity.

25. Plaintiff has the statutory right to the information it seeks and the CEQ has unlawfully withheld the information.

26. Plaintiff is not required to further pursue administrative remedies.

27. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to the records responsive to its FOIA request as described above, and any attachments thereto, but that the CEQ has failed to provide the records;

    b. The CEQ's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy the Agency's obligations under FOIA;

    c. The CEQ must now produce the records responsive to plaintiff's request.

28. Plaintiff is entitled to injunctive relief compelling the CEQ to produce the records responsive to the FOIA request described herein.

29. Plaintiff asks the Court to enter an injunction ordering the CEQ to produce to plaintiff within twenty business days of the date of the order the records sought in plaintiff's FOIA request described above, and any attachments thereto, at no cost to plaintiff.

30. Plaintiff asks the Court to order the Parties to consult regarding the withheld document and to file a status report to the Court within thirty days after plaintiff receives the produced documents, addressing the CEQ's preparation of a *Vaughn* log, and a briefing schedule for

resolution of remaining issues associated with plaintiff's challenges to the CEQ's withheld information, if any, and any other remaining issues.

## SECOND CLAIM FOR RELIEF
### Costs And Fees

31. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

33. This Court should enter an injunction or other appropriate order requiring the defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

2. Declare defendant has violated FOIA by failing to provide plaintiff with the requested information;

3. Declare that the information sought by the request, as described in the foregoing paragraphs, is public information under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order defendant to expeditiously provide the requested information to plaintiff within 10 business days of the Court's order and without cost to the plaintiff;

5. Award plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 8th day of May 2024,

        GOVERNMENT ACCOUNTABILITY & OVERSIGHT
        By Counsel:

        /s/Matthew D. Hardin
        Matthew D. Hardin, D.C. Bar No. 1032711
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        Email: MatthewDHardin@protonmail.com

        /s/Christopher Horner
        Christopher Horner, D.C. Bar No. 440107
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 262-4458
        Email: Chris@CHornerLaw.com

        *Counsel for Plaintiff*